# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID STARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-407-GPM |
| | ) |
| CHERYL COUCH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, David Starks, is an inmate at Tamms Correctional Center, an Illinois Department of Corrections facility located within this federal judicial district. Starks originally filed this action in the Circuit Court of Sangamon County, Illinois, presumably because the Illinois Department of Corrections is headquartered in Springfield. Sangamon County is located in the Central District of Illinois.

Defendants filed a timely notice of removal to this district court. Pursuant to 28 U.S.C. § 1446(a),

> [a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal.

28 U.S.C. § 1446(a). Thus, the action should have been removed to the Central District of Illinois.

A review of the complaint reveals, however, that all of Starks's allegations involve events that occurred at Tamms. While the Court could remand the action for a procedural error in the removal process, in the interest of judicial economy (if removed to the Central District, the case would be

immediately transferred here because all relevant events occurred in this district), the Court declines to issue an order for summary remand.

Moreover, the Court has considered Plaintiff's objection to the removal (Doc. 6). Defendants are correct in pointing out that in the first paragraph of the complaint, Plaintiff invokes the First, Eighth, and Fourteenth Amendments to the United States Constitution. Therefore, the federal court has original jurisdiction over this matter, and the action was properly removed. *See* 28 U.S.C. § 1441. Accordingly, Plaintiff's objection is **OVERRULED**.

Also pending is Plaintiff's motion to effect service upon Defendant Kelly Rhodes (Doc. 9). Plaintiff has not been granted leave to proceed *in forma pauperis* in this action,[1] so the Court is not obligated to appoint the United States Marshal to effect service. *See* FED.R.CIV.P. 4(c)(3). In the interests of efficiency, however, the Court **GRANTS** this motion. The Marshal shall effect service on Rhodes, as set forth below, ***at Plaintiff's expense.***

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant **KELLY RHODES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **ONE (1)** USM-285 form with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **KELLY RHODES**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

---

[1] The Court notes that, pursuant to the three-strikes provision, Starks is barred from proceeding *in forma pauperis*. 28 U.S.C. § 1915(g). *See Starks v. Powers*, Case No. 99-187-JLF (S.D. Ill., filed March 15, 1999) (order listing cases at Doc. 79, filed April 23, 2003).

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **KELLY RHODES** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Department of Corrections pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if

required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED:07/07/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge