IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID STARKS, SR.,**  )
 )
      Plaintiff,  )
 )
v.  )  Civil No. **08-407-CJP**[1]
 )
**CHERYL COUCH, et al.,**  )
 )
      Defendants.  )

## **MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendants' Motion for Summary Judgment, filed on behalf of defendants Cheryl Couch, Kristin Kwasniewski Hammersley, Claudia Kachigian, and Rakesh Chandra. **(Doc. 79)**. The motion is supported by numerous exhibits, including affidavits, medical records, and a transcript of plaintiff's deposition. Defendants filed a memorandum in support at **Doc. 80.**

Defendants served upon plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 81)**. Plaintiff sought and was granted an extension of time in which to respond to the motion. His response was due by May 1, 2009. **See, Doc. 93.** Plaintiff has not filed a response to the motion.

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1]Upon consent of the parties, this case has been assigned to the undersigned for final disposition pursuant to 28 U.S.C. §636(c). See, Docs. 31, 35, 77, 90 & 91.

1

entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).** In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." ***Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.**

Fed.R.Civ.P. 56(e) directs the Court to enter summary judgment, if appropriate, when the opposing party fails to file a response which demonstrates that there is a genuine issue for trial.

Summary judgment is clearly appropriate here. Plaintiff is an inmate in the custody of the IDOC. He is assigned to Tamms Correctional Center. Defendants are health care professionals who work at Tamms. In the course of providing mental health care to plaintiff from 2004 through 2008, defendants have at various times placed plaintiff on suicide watch and "close supervision" status in the health care unit, prescribed antidepressants and other medication, and talked to plaintiff. Plaintiff claims that defendants' actions have violated his First Amendment right to choose not to speak and his right to refuse medical treatment. His complaint also suggests that conditions of confinement during suicide watch and close

2

supervision violated his Eight Amendment rights.

Prison inmates retain First Amendment rights only to the extent that the exercise of those rights are not inconsistent with the "status of a prisoner" or with the "legitimate penological objectives of the corrections system." ***Shaw v. Murphy*, 532 U.S. 223, 229, 121 S.Ct. 1475, 1479 (2001).**

Restraints on the exercise of First Amendment rights are valid if they are reasonably related to legitimate penological interests. This is a four-part inquiry: (1) whether there is a valid, rational connection between the prison regulation or action and a legitimate governmental interest; (2) whether alternate means of exercising the right are available to the inmate; (3) the impact that accommodation of the exercise of the right will have on staff, other inmates, and the allocation of prison resources; and (4) whether there are other, ready alternatives available to the prison to achieve the governmental interest. ***Turner v. Safley*, 482 U.S. 78, 89-91, 107 S.Ct. 2254, 2262 (1987).**

Prison inmates do not have an absolute right to refuse treatment. The *Turner* analysis, described above, applies to the issue of whether forced medical treatment offends the Constitution. ***Washington v. Harper*, 494 U.S. 210, 223, 110 S.Ct. 1028, 1037 (1990)**. In performing this analysis, it is well established that the court must consider the prison's interests in security and safety. Further, the prison has an interest in "combating the danger posed by a person to both himself and others," and also has an obligation to provide appropriate medical treatment and to take reasonable measures for the prisoner's own safety as well as the safety of staff and other inmates. ***Id.*, 494 U.S. at 225-226, 110 S. Ct. at 1038-1039.**

Defendants' exhibits establish that plaintiff suffers from depression, chronic

3

polysubstance dependence, and anti-social personality disorder. Doc. 79, Ex. B. He has a history of increased symptoms when not taking his prescribed medication. However, he was not forced to take medication, and medication was not administered to him against his will. Plaintiff signed a number of refusal forms, which were honored. Ex. A, ¶¶ 30 - 36. Dr. Chandra's affidavit establishes that, at various times, plaintiff has refused medication and therapy, and that he has decompensated quickly as a result. The mental health professionals who treated plaintiff at Tamms did not force treatment upon plaintiff, but "treatment would always be recommended for a patient in need of care." Ex. C, ¶¶ 53-56. Dr. Chandra's affidavit also states that the care and treatment provided to plaintiff was "appropriate and developed based upon medical judgment." Ex. C, ¶58. Dr. Kachigian's affidavit states that mental health care providers make rounds and ask inmates, including plaintiff, whether they "wish to have interactions" and that plaintiff "may express his desires not to communicate with them on their rounds." Ex. D, ¶¶ 51-52.

The record establishes that plaintiff's constitutional rights have not been violated by the mental health care treatment rendered by defendants. He has not been forced against his will to take medication. He testified that there have been times that he has chosen to take medication when he really did not want it because he fears being placed on close supervision in the health care unit. Deposition, pp. 32-34. However, that circumstance does not come close to a constitutional violation. Likewise, the fact that mental health care providers speak to plaintiff in an effort to evaluate his well-being is not a constitutional violation.

Lastly, the conditions under which plaintiff was housed while on suicide watch and close supervision do not violate the Eighth Amendment, for the reasons set forth in Judge Murphy's

order, **Doc. 76**, at pp. 3-4.

For the foregoing reasons, the Court **GRANTS** defendants' Motion for Summary Judgment. **(Doc. 79)**. Judgment shall enter in favor of defendants **Cheryl Couch, Kristin Kwasniewski Hammersley, Claudia Kachigian**, and **Rakesh Chandra**.

The only remaining claim is the claim against defendant Rocky Peppers. He was recently served and filed his answer on March 13, 2009, at **Doc. 87.**

**IT IS SO ORDERED.**

**DATED: June 1, 2009.**

                **s/ Clifford J. Proud**
                **CLIFFORD J. PROUD**
                **U.S. MAGISTRATE JUDGE**