IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID STARKS, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **08-407-CJP**[1] |
| | ) | |
| **CHERYL COUCH, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Rocky Peppers' Motion for Summary Judgment. **(Doc. 95)**. The motion is supported by exhibits, including defendant's affidavit and portions of plaintiff's medical records. Defendant filed a memorandum in support at **Doc. 96.**

Defendant served upon plaintiff the notice required by *Lewis v. Faulkner*, **689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 97)**. Plaintiff's response to the motion was due by December 9, 2009. Plaintiff has not filed a response to the motion.

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively

---

[1] Upon consent of the parties, this case has been assigned to the undersigned for final disposition pursuant to 28 U.S.C. §636(c). See, Docs. 31, 35, 77, 90 & 91.

demonstrate that a genuine issue of material fact remains for trial.  ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**  In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage.

Fed.R.Civ.P. 56(e) directs the Court to enter summary judgment, if appropriate, when the opposing party fails to file a response which demonstrates that there is a genuine issue for trial.  Here, plaintiff has not filed a response at all.

Summary judgment is clearly appropriate here.

Plaintiff is an inmate in the custody of the IDOC.  His claim arises out of mental health treatment rendered to him at Tamms Correctional Center.  Defendant Peppers was a mental health social worker at Tamms at the relevant time.

The complaint is vague as to the exact allegations against Peppers.  In general, plaintiff claims that he received mental health care at Tamms from 2004 through 2008, and that,  at various times, he was placed on suicide watch and "close supervision" status in the health care unit, he was prescribed antidepressants and other medication, and health care providers talked to him.  Plaintiff claims that the health care providers' actions violated his First Amendment right to choose not to speak and his right to refuse medical treatment.  His complaint also suggests that conditions of confinement during suicide watch and close supervision violated his Eighth Amendment rights.

Defendant Peppers' affidavit establishes that he did not violate plaintiff's constitutional rights, and that he is entitled to judgment.  The Court deems plaintiff's failure to file a response to the motion to be an admission of the merits of the motion, pursuant to SDIL-LR 7.1(c).

2

This Court previously granted the other defendants' motion for summary judgment because the record established that plaintiff's constitutional rights have not been violated. **See, Doc. 94**. The situation is the same with respect to the claim against defendant Peppers. The Court will not repeat the analysis here. It suffices to say that, for the reasons thoroughly discussed in **Doc. 94**, the Court concludes that plaintiff's constitutional rights have not been violated by the mental health care he received at Tamms during the period from 2004 through 2008.

Defendant Rocky Peppers' Motion for Summary Judgment **(Doc. 95)** is **GRANTED**.

This order disposes of plaintiff's last remaining claim. Therefore, the Clerk of Court is directed to enter final judgment.

**IT IS SO ORDERED.**

**DATED: March 18, 2010.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**